## No. 11,988.

### PETERS *v.* DOVE, ET AL.

Decided December 27, 1927. Rehearing denied January 9, 1928.

Action to foreclose mechanic's lien.   Judgment for defendants.

### *Affirmed.*

1. PLEADING—*Contract*—*Performance.*   In an action by contractor to enforce a mechanic's lien, having alleged full performance of his contract, he was not entitled to recover under his complaint where the evidence tended to show that the contract was not fully performed on his part.

2. *Amendments.*   A party desiring to preserve his rights during the course of a trial by amending his pleadings, should tender the amendment before the court makes its findings and pronounces judgment.

3. *Amendments—Court Discretion.*   Amendments to pleadings are largely within the discretion of the trial court.   In the instant case it is held there was no abuse of discretion in the refusal of the court to permit an amendment to the complaint 42 days after judgment had been pronounced.

4. APPEAL AND ERROR—*Fact Findings.*   Findings of the trial court on controverted questions of fact are conclusive on the Supreme Court on review.

*Error to the District Court of Boulder County, Hon. Robert G. Smith, Judge.*

Mr. WAYNE C. WILLIAMS, for plaintiff in error.

Messrs. RINN & CONNELL, for defendants in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ACTION by building contractor to enforce mechanic's lien upon a dwelling house of the owners for a balance of $1,265.44 alleged to be due on the agreed consideration for the completion of the building. In the answer the first defense was a denial that plaintiff had fully completed or finished the building at any time, and a denial that there was anything due the plaintiff. In the second defense, a counterclaim of the answer, the defendants asked for a judgment against plaintiff in the sum of $61.79 overpaid by them on the contract, and for various other sums as damages resulting from improper work on, and failure to complete, the building and for exemplary damages, aggregating about $2,000. Trial was to the court without a jury. On the issues joined by the first defense of the answer to the complaint, the findings were for the defendants, that there was no balance due the plaintiff. Upon the issues tendered by the second defense and counterclaim to the complaint, findings were for the defendants as to the overpayment, and for plaintiff as to the damages claimed by the defendants for imperfect work and failure to finish and exemplary damages. Final judgment went for the defendants in the sum of $61.35 and costs.

In his brief counsel for the plaintiff, who is plaintiff in error here, contends that the evidence greatly preponderates in his favor upon all the issues and that substantial performance by him of the building contract was made, except as to the one item of the mantel which he offered to make good but was not permitted by the defendants to do so, but in all other respects there was full performance. In the complaint the plaintiff alleges full performance of the contract in every particular, but in the course of the trial the evidence tended to show that as to a mantel and certain other items or pieces of work, the contract was not fully performed. If so the plaintiff was not entitled to recover under his complaint. When the trial developed the lack of full performance, or tended in that direction, plaintiff's counsel indicated to the court

that if the court should find against him on the ground that there was not full performance, he might wish to amend his pleadings, at the time not designating whether it was the complaint or the replication. No amendment, however, was tendered to the court for filing before the final judgment was pronounced. Forty-two days after final judgment was entered, the parties again appeared in court and the plaintiff applied to the court for leave to file an amendment to his complaint to the effect that plaintiff had fully performed the contract so far as he was permitted to do so, but was not permitted by the defendants to complete his contract, though he offered to alter the mantel which the defendants claimed was not in accordance with the contract, and sent from Denver a skilled workman to make the alteration, but the defendants refused him permission to perform the work on such alterations and to do the work which the plaintiff says should be done. Therefore, the plaintiff alleges that by reason thereof the defendants are estopped by their conduct and acts to deny that the plaintiff refused to complete the work, or to assert as a defense to the action that plaintiff is not entitled to compensation because of his failure fully to perform. The plaintiff supported his application by an affidavit, and counter-affidavits were filed by the defendants as to what really took place during the course of the trial. In so far as there is any conflict in the respective affidavits the court found for the defendants and against the plaintiff. That the application for the amendment was unusual is apparent. If the plaintiff wished to preserve his rights during the course of the trial and before final judgment, this amendment should have been tendered before the court made its findings and judgment. The complaint charged full performance and the plaintiff was advised during the course of the trial by the defendants' evidence that there was not full performance. Whether in any event such an amendment was proper, we need not determine. Such matters are largely within the discretion of the trial court and we

cannot say that it abused its discretion in refusing, forty-two days after judgment was pronounced, to allow the amendment to be made. The plaintiff did not ask to have the case re-opened and additional testimony taken, but apparently the amendment was sought to be made so that plaintiff's proofs might come within the issues as tendered by the pleadings. There was no reversible error in the ruling of the court denying the application of the plaintiff to amend his complaint. Moreover, the record discloses that in his testimony the plaintiff says that there was no defect in the mantel which, in his request to amend his pleadings, he says he offered to remedy. It is difficult to perceive in what respect the court erred, if at all, in refusing to allow the amendment. Plaintiff's own testimony would not come within the offer, but it tended to establish the case as made by the original complaint that full performance had been made by him. The record discloses that there was a conflict in the evidence. The burden of proof as to the matters alleged in the complaint was on the plaintiff and the court found that that burden was not sustained.

The defendants contend that the court erred in its ruling that they were not entitled to damages for imperfect work and failure on the part of plaintiff fully to perform. The item of $61.35 on which the court rendered judgment for the defendants, was unquestionably right. The conflict in the respective showings on all the other issues makes the case one where the findings of the trial court, who saw these witnesses and heard them testify, are conclusive upon us, for it was much better able to determine credibility of witnesses than we are. The case is like many others that come before us where the witnesses for the respective parties flatly contradict each other upon material issues. Our conclusion is that the plaintiff is not entitled to a reversal of the findings of issues under his complaint, and the defendants, although they claim considerable damage by reason of imperfect work, are not entitled to relief upon their assignments. The trial judge

gave the case careful attention and we think substantial justice was administered. The judgment is therefore affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.